598 A.2d 947

LUIS E. DIAZ, PLAINTIFF, v. ARMID AND BLANCA
PEREZ–TAMAYO, DEFENDANTS.

Superior Court of New Jersey
Law Division Hudson County
Special Civil Part

Decided April 13, 1991.

*Jose L. Fuentes* for plaintiff.

*Jorge Aviles* for defendant.

HORNSTEIN, J.S.C.

This is an action to dispossess tenants in a multi-unit residential building under the authority of *N.J.S.A.* 2A:18–61.1 d.

The facts are not in dispute.

Plaintiff is the owner of a four-unit residential building located at 412 38th Street, Union City. Defendants rent and occupy a three-room apartment in that building. On February 26, 1985, defendants signed an acceptance of the rules and regulations for the apartment. One of these rules limited the occupancy of the apartment to three persons—defendant-tenants—husband and wife and one child.

Defendant wife gave birth to another child on September 24, 1985. She was pregnant at the time the rules were accepted. Both children are boys—the older one is now eight or nine years old. The boys sleep together in the bedroom; the parents sleep in the living room. Plaintiff asserts defendants are in violation of the rule limiting occupancy to three persons. There are now four people living in the apartment.

A notice to cease was sent to the tenants in November 1990. Two subsequent notices were sent to defendants. Finally, a notice of termination of tenancy was served. There is no dispute as to the receipt or the legal sufficiency of the notices.

### Conclusion.

It is not necessary to consider the acceptance of rent by the landlord after he knew of the second child living in the apartment to constitute a waiver of his right to evict. The decision to be rendered will be based on the fact there was no waiver.

The anti-eviction act (*N.J.S.A.* 2A:18–61.1) "was designed to limit the eviction of tenants to 'reasonable grounds' and to provide for 'suitable notice' of tenants in the event of an

eviction proceeding." *447 Associates v. Miranda,* 115 *N.J.* 522, 527, 559 *A.*2d 1362 (1989).

"[N]o tenant may be removed from premises leased for residential purposes unless good cause is established." *A.P. Development Corp. v. Band,* 113 *N.J.* 485, 493, 550 *A.*2d 1220 (1988). The specified grounds for eviction as "good cause" are set forth in the statute. One of these grounds is contained in paragraph d of the act:

> The person [tenant] has continued, after written notice to cease, to *substantially* violate or breach any of the landlord's rules and regulations governing said premises, provided such rules and regulations are reasonable and have been accepted in writing by the tenant or made a part of the lease at the beginning of the lease term; [Emphasis supplied]

There must be a *substantial* violation of the rules. That is, a considerable or significant breach—not a minor or trivial transgression. There must be adequate reason as "good cause" to evict.

The anti-eviction act is remedial legislation and liberally construed. *447 Associates v. Miranda, supra* 115 *N.J.* at 529, 559 *A.*2d 1362.

In view of the stated purpose of the anti-eviction act, it cannot be said the Legislature intended that a tenant could be evicted because of an increase in the size of the family. Technically, the rule limiting the number of occupants has been violated. But a family cannot be limited to any particular size. House rules cannot restrict a family from having children. This is not a *substantial* violation.

Even though a rule or regulation limits the occupancy of a residential unit, tenants are not bound to that limitation when the family unit is increased by natural means.

Complaint dismissed.